Citation Nr: 1542409 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 14-00 545 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Gainesville, Florida


THE ISSUE

Entitlement to payment or reimbursement for unauthorized private medical expenses incurred on February 21, 2013.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Amanda Christensen, Associate Counsel


INTRODUCTION

The Veteran had active military duty from September 1999 to September 2009.

This matter comes before the Board of Veterans' Appeals (Board) from an August 1, 2013 and an August 8, 2013 determination from the Department of Veterans Affairs (VA) Medical Center (MC) in Gainesville, Florida.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In a June 2015 decision, the Board found that a remand was required to provide the Veteran's representative the opportunity to review the record and offer written argument on the Veteran's behalf. Specifically, the Board remanded the Veteran's claim for the AOJ to "refer this case with the claims folder to the Veteran's local state representative for the purpose of execution of VA Form 646, Statement of Accredited Representative in Appealed Case" and thereafter to issue a supplemental statement of the case. A VA Form 21-22 dated March 12, 2010 assigns the Florida Department of Veterans Affairs as the Veteran's representative.

The Board noted in its June 2015 remand that when a veteran appeals to the Board, he "will be accorded full right to representation in all stages of an appeal by a recognized organization, attorney, agent, or other authorized person." 38 C.F.R. § 20.600. When an appellant has appointed a representative, the RO gives the representative an opportunity to review the appeal and submit a statement regarding the appeal prior to certification and/or after receiving new evidence requiring additional action or completing an action on a Board remand. VA Adjudication Procedure Manual, M21-1, Part I.5.F.27.a. 

The record reflects that in July 2015 the AOJ sent the Florida Department of Veterans Affairs a copy of the October 2013 Statement of the Case with a letter stating "I am forwarding a copy of [the Veteran's] Statement of the Case packet for date of service February 21, 2013." The letter further stated that the agency's assistance was appreciated and listed a phone number to call with questions. The letter did not inform the Florida Department of Veterans Affairs that the Veteran has appealed his claim to the Board, nor did it request that the Florida Department of Veterans Affairs execute a VA Form 646. No statement has been submitted by the Florida Department of Veterans Affairs.

Therefore, the Board finds that the case must be remanded again to ensure compliance with the Board's directives. When the Board's remand requests are not satisfied, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. The AOJ shall refer this case with the claims folder to the Veteran's local state representative with a request that the representative provide a VA Form 646, Statement of Accredited Representative in Appealed Case.

2. Then after taking such additional development action as it deems proper with respect to the claims, the AOJ should review and readjudicate the claims. If any such action does not resolve the claims, the AOJ shall issue the appellant a Supplemental Statement of the Case. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).